■ H. Wayne Fenton, Plaintiff, v Roger D. Ives, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. Bank of Richmondville, Third-Party Defendant-Respondent. [634 NYS2d 833] —Crew III, J. Appeal from an order of the Supreme Court (Hughes, J.), entered August 15, 1994 in Schoharie County, which, *inter alia,* granted third-party defendant's motion for summary judgment dismissing the third-party complaint.

This action arises out of certain loan transactions between defendant Roger D. Ives (hereinafter defendant) and third-party defendant, Bank of Richmondville (hereinafter the

Bank). In 1993, defendant had a loan with the Bank with an outstanding balance of approximately $103,000 and an unsecured line of credit with a balance of approximately $40,000. The loan in question was secured by a drilling rig owned by defendant. Following defendant's default upon both obligations, defendant and the Bank entered into an agreement whereby the line of credit was converted into a 90-day note. In accordance with the terms of this agreement, defendant was to attempt to sell the drilling rig within the 90-day period in order to satisfy his obligations under the note. Additional provisions were made in the event that defendant could not sell the drilling rig within this time period.

The note in question matured on January 3, 1994 and defendant defaulted. Shortly thereafter, defendant entered into an agreement to sell the drilling rig to plaintiff for $167,500. On February 1, 1994, plaintiff wired the entire $167,500 to the Bank, and the Bank notified defendant that the proceeds of the sale had been applied to the loan. The Bank also advised defendant that it was exercising its right of setoff and applying approximately $40,000 of the excess proceeds to the balance due under the 90-day note. The remaining balance, approximately $23,000, was deposited into defendant's account.

Defendant thereafter refused to deliver the drilling rig to plaintiff, and plaintiff commenced this action seeking, *inter alia*, specific performance of the sale contract. Defendant then commenced a third-party action against the Bank alleging, *inter alia*, that the Bank's exercise of setoff was unauthorized. Supreme Court granted the Bank's subsequent motion for summary judgment dismissing the third-party complaint, and this appeal by defendant followed.

We affirm. As a general rule, "when a depositor is indebted to a bank, and the debts are mutual—that is, between the same parties and in the same right—the bank may apply [a] deposit, or such portion thereof as may be necessary, to the payment of the debt due it by the depositor, provided there is no express agreement to the contrary and the deposit is not specifically applicable to some other purpose" (9 NY Jur 2d, Banks and Financial Institutions, § 304, at 542). In exercising its right of setoff, a bank may only set off against matured debts (*see generally, Marine Midland Bank v Graybar Elec. Co.*, 41 NY2d 703, 708) and the bank must, prior to or on the same business day that it exercises such right, mail notice of the setoff and the reasons therefor to the depositor (*see*, Banking Law § 9-g [2]).

Defendant contends that the setoff was improper because he did not expressly authorize the Bank to apply the proceeds

from the sale to both the loan and the 90-day note and, in so doing, appears to be claiming that the deposit was special, not general, in nature (see, 9 NY Jur 2d, Banks and Financial Institutions, §§ 259-260, at 498-499). We cannot agree. "In the absence of an agreement and proof to the contrary, a deposit is presumed to be general rather than special, and the burden devolves on the party who claims that the deposit is a special one to show that it was received by the bank *with the express or clearly implied agreement* that it should be kept separate from the general funds of the bank and that it should remain intact" (9 NY Jur 2d, Banks and Financial Institutions, § 258, at 498 [emphasis supplied]).

Here, neither the wire transfer authorization nor the transfer itself bore any special instructions regarding the disposition of the sale proceeds, and although both documents did note the account number corresponding to defendant's loan with the Bank, we do not believe that this notation is sufficient to raise a question of fact, much less conclusively establish, that the deposit was intended to be special in nature. Additionally, the record reveals that the 90-day note, which matured on January 3, 1994, granted the Bank the right of setoff, and there is no dispute that defendant was advised of the Bank's decision to exercise its rights in this regard on the same day that the setoff occurred, February 1, 1994, in compliance with Banking Law § 9-g (2). Under these circumstances, the Bank had an absolute right to setoff. Defendant's remaining arguments, including his alleged due process violations, have been examined and found to be lacking in merit.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.