■ Polish & Slavic Federal Credit Union, Appellant, v Anthony DeDona et al., Respondents, et al., Defendants. [646 NYS2d 48] —In an action to foreclose a mortgage, the plaintiff

Polish & Slavic Federal Credit Union appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Yoswein, J.), dated August 16, 1995, as granted the motion of the defendants Anthony and Courtney DeDona for an order directing it to release certain funds of the DeDonas on deposit with it which had been frozen.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Polish & Slavic Federal Credit Union, foreclosed on the mortgage given by the defendants Anthony and Courtney DeDona, and thereafter purchased the subject property at the public auction for $195,000, some $45,000 less than the total amount due from the defendants. During the pendency of the foreclosure action, the plaintiff had frozen the DeDonas' account, and although the DeDonas had moved to lift the freeze, the court denied this relief.

After the foreclosure sale, the plaintiff moved for a deficiency judgment, which, after a hearing, the court denied. The DeDonas then moved to release the funds in their account. The court granted the motion since there was no longer a delinquent loan nor was there a deficiency judgment against which the plaintiff could retain those funds as a setoff.

The Supreme Court properly rejected the plaintiff's contention that it enforced a lien against the DeDonas' account by exercising a right of setoff prior to the denial of its application for a deficiency judgment (see, 12 USC § 1757 [11]; *National Temple Non-Profit Corp. v National Temple Community Fed. Credit Union*, 603 F Supp 807, 809). The record is devoid of any proof or documentary evidence to support the plaintiff's claim that it exercised any right of setoff against the DeDonas' account (see, e.g., *Fenton v Ives*, 222 AD2d 776).

A plain reading of the April 8, 1994, letter from the plaintiff's counsel to the DeDonas' counsel, which, according to the plaintiff, apprised the DeDonas of the setoff, merely indicates that the funds were withheld so that they could be applied to the deficiency judgment sought by the plaintiff in connection with the foreclosure action. Thus, the Supreme Court properly concluded that its denial of the plaintiff's application for a deficiency judgment pursuant to RPAPL 1371 required the plaintiff to release the DeDonas' funds.

The plaintiff's remaining contentions are without merit. Miller, J. P., Ritter, Santucci and Altman, JJ., concur.